## 72851. COX v. THE STATE.
### (350 SE2d 828)

BENHAM, Judge.

Appellant was convicted of theft, criminal possession of explosives, and two counts of attempted murder. On appeal he contends the evidence presented at trial was not sufficient to support the convictions for attempted murder.

The indictment named appellant's wife and her former boyfriend as the victims of the attempted murder. Several witnesses testified that appellant had threatened to kill the pair, and two witnesses stated that appellant had spent two nights under the porch of his mobile home with a .410 pump shotgun, waiting for the two victims to drive by. Appellant's wife testified she left appellant on July 10 and was transported from appellant's home by her former boyfriend's sister-in-law. On the morning of July 15, the male victim's brother found a stick of dynamite and blue and yellow wiring attached to the family car. Earlier that week appellant had displayed a stick of dynamite to a friend and told him he was going to place it under the car used by the family of his wife's boyfriend. Detonating wire similar to that attached to the dynamite was found in appellant's bedroom closet.

In the early morning hours of July 15, appellant was arrested in

the yard of the home adjacent to the house where the wired car was parked. His arrest was due to the fact that he was caught stealing a battery from a pick-up truck. A nine-volt battery was found in appellant's pocket upon his arrest, and an explosives expert testified that the nine-volt battery, if new, could provide sufficient power to detonate the dynamite. The expert also testified that the resulting explosion would kill anyone in the car at the time of detonation and do serious injury to or kill anyone in the front interior of the house. The expert stated that a half-full gas tank had the most lethal effect, and it was shown the gas tank was approximately one-half full the night of the attempt. The State theorized that appellant's nine-volt battery was worn and that he was stealing the truck battery to detonate the explosive.

The above-summarized evidence was sufficient to support appellant's convictions for attempted murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-4-1 and 16-5-1. Appellant maintains his convictions cannot be sustained in light of the testimony that appellant was booked at 1:00 a.m. on July 15, and the testimony of the male victim's brother that he parked the car at 1:30 a.m., July 15. Appellant concludes that it was impossible for him to have placed dynamite under the car after 1:00 a.m., and that therefore his convictions cannot stand. We disagree. While cross-examining the investigator for the Bartow County Sheriff's office, counsel for appellant asked whether his investigation revealed how long the car had been in the place where it was found with the dynamite. The investigator responded that the car was placed there at approximately 9:00 p.m., July 14. Thus, a question of fact was presented to the jury, and it was authorized to come to the conclusion it ultimately reached.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 13, 1986.

J. Gene Greene, for appellant.
Darrell E. Wilson, District Attorney, for appellee.